UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Pierre JuJuan Ricardo Sanders, #1339092,<br>　　　　　　　　　　　Plaintiff, | ) C/A No.  4:24-6731-RMG-TER<br>)<br>) |
| vs. | ) Report and Recommendation<br>) |
| Vitalcore Health Strategies, L.L.C.,<br>John A. Pfeiffer, M.D.,<br>Charleston County Sheriff's Office,<br>　　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>) |

This is a civil action filed by a federal detainee being held in a local detention center, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

### DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The action is subject to partial summary dismissal. Plaintiff alleges his Eighth and Fourteenth Amendment rights were violated.

(ECF No. 1 at 4). Plaintiff's request for relief is for 40 million dollars. (ECF No. 1 at 7). Plaintiff alleges he was experiencing unbearable pain in his testicles. (ECF No. 1 at 5). Plaintiff alleges Dr. Pfeiffer discontinued, denied, and/or delayed adequate medical care when instead, Dr. Pfeiffer sexually assaulted Plaintiff. (ECF No. 1 at 5). Plaintiff alleges "Dr. Pfeiffer immediately groped my testicles in what felt to be more in a sexual manner than an exam manner." Plaintiff alleges Dr. Pfeiffer stroked his penis, and Plaintiff told him the pain is not there and only in his testicles. (ECF No. 1 at 6). However, Plaintiff alleges Dr. Pfeiffer continued. Plaintiff alleges Dr. Pfeiffer asked if it felt good. (ECF No. 1 at 6). Plaintiff alleges Dr. Pfeiffer stated he could provide Plaintiff suboxone if Plaintiff did not report Dr. Pfeiffer. Plaintiff alleges Dr. Pfeiffer stated the manual stimulation was necessary. (ECF No. 1 at 6). Plaintiff alleges he was prescribed pain medication and a request for an ultrasound. (ECF No. 1 at 6). Plaintiff's allegations liberally construed are sufficient to withstand summary dismissal as to Defendant Pfeiffer and this same day service and issuance of summons as to only this Defendant has been authorized by separate order.

Plaintiff makes no allegations of a cognizable claim against either Defendants Vitalcore or the Charleston County Sheriff's Office.

Defendant Vitalcore is a private corporation. The Fourth Circuit has addressed private corporation liability under § 1983:

> We have recognized, as has the Second Circuit, that the principles of § 1983 municipal liability articulated in *Monell* and its progeny apply equally to a private corporation that employs special police officers. Specifically, a private corporation is not liable under § 1983 for torts committed by special police officers when such liability is predicated solely upon a theory of *respondeat superior. See Powell v. Shopco Laurel Co.*, 678 F.2d 504 (4th Cir.1982); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406 (2d Cir.1990); *see also Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975–76 (8th Cir.1993) (concluding that private corporation is not subject to § 1983 liability under theory of respondeat superior regarding acts of private security

> guard employed by corporation); *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir.1982) (same). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Rojas*, 924 F.2d at 408; *Sanders*, 984 F.2d at 976; *Iskander*, 690 F.2d at 128.

*Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999). Plaintiff has not alleged how Vitalcore is a person acting under color of state law or any actions Vitalcore did or any policies enacted by Vitalcore that caused Plaintiff harm. With no allegations against Vitalcore in the Complaint, Vitalcore is not amenable to suit under § 1983 solely based on Vitalcore being the employer of an individual defendant. *See Austin*, 195 F.3d at 728.

As to Defendant Charleston County Sheriff's Office, a sheriff's office is not a person and thus is not defendant amenable to suit in a § 1983 action. *Brown v. Charleston Cnty. Sheriff's Off.*, No. 4:23-cv-656-RMG-TER, 2023 WL 3182862, at *3 (D.S.C. Mar. 17, 2023), *report and recommendation adopted*, 2023 WL 3173121 (D.S.C. May 1, 2023)(citing *Brooks v. Borghi*, No. 5:21-CV-03282-BHH-MHC, 2022 WL 17543121, at *2 (D.S.C. Nov. 18, 2022), *report and recommendation adopted,* 2022 WL 17542998 (D.S.C. Dec. 8, 2022); *Heavner v. Burns*, 2022 WL 17477561, at *4 (W.D.N.C. Dec. 6, 2022)).

Defendants Vitalcore and Charleston County Sheriff's Office are subject to summary dismissal as Plaintiff has failed to state a claim upon which relief can be granted as to these Defendants.

## RECOMMENDATION

Accordingly, it is recommended that the district court partially dismiss the complaint in this case. Specifically, it is recommended that Defendants Vitalcore Health Strategies LLC and

Charleston County Sheriff's Office be summarily dismissed with prejudice[1] and without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendant Pfeiffer.

|  |  |
|---|---|
| December 3, 2024 | s/ Thomas E. Rogers, III |
|  | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

---

[1] It is recommended these Defendants be dismissed without leave to amend. *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022).

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).